IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

DIANA MEY, on behalf of herself
and a class of others similarly situated,

    Plaintiff,

v.    Civil Action No. 5:21-cv-00062

MATRIX WARRANTY SOLUTIONS,
INC., et al.

    Defendants.

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM MATRIX DEFENDANTS

Plaintiff Diana Mey and Matrix served each other with identical discovery for nearly identical reasons. Yet, Matrix would have Mey respond to its request [Motion to Compel, ECF 113], while simultaneously refusing hers. This cannot be. If the request is relevant as to Matrix, then it should be relevant as to Mey. If Matrix's request is appropriate in scope, then so is Mey's. If Matrix's request is not unduly burdensome, then neither is Mey's. There is no distinction between the requested discovery or the reasons for requesting that discovery that would compel dissimilar treatment. What's good for one must be good for the other.

However, for the reasons stated in the forthcoming *Plaintiff's Response in Opposition to Matrix Defendants' Motion to Compel [ECF No. 113]*, both motions to compel should be denied. But if this Court grants Matrix's motion to compel, it must also grant this motion to compel.

### NATURE OF THE CASE

In this class action, Mey alleges that Matrix—through a network of third-party telemarketers—knowingly engaged in a pattern and practice of illegal telemarketing in violation of the Telephone Consumer Protection Act ("TCPA"). ECF No. 1. In particular, Mey alleges that Matrix and its agents violated the TCPA by (i) initiating calls to Mey and other putative class members whose numbers are registered on the National Do-Not-Call Registry, and (ii) initiating calls to Mey and other putative class members using artificial or prerecorded messages. *Id*.

### RELEVANT DISCOVERY REQUESTS[1]

On August 4, 2022, Mey served Matrix with the below request for production [ECF No. 99] and, on August 6, 2022, Matrix served the below objection:

> **[Request for Production No. 1] All pleadings, correspondence, discovery, settlement agreements, and other nonprivileged documents relating to any demand, claim, allegation, litigation, administrative, or regulatory investigation or proceeding, other than this Lawsuit, to which Matrix Defendants have ever been a party at any time in the past five years in which someone else has sought damages or any other form of relief against them under the TCPA or any state law relating to telemarketing.**
>
> OBJECTION: The Matrix Defendants object to this request insofar as it does not seek information relevant or reasonably calculated to lead to the discovery of admissible evidence about the merits of Plaintiff's individual or class claims, which relate only to any Defendant, or the Defendants acting collectively, making, or directing another party to make, the calls at issue, such that this request regarding unrelated

---

[1] Pursuant to F. R. Civ. P. 37 and Local Rule 37.02, Mey certifies that her counsel, Andrew Robey, has conferred with Matrix's counsel, Joe Bowser and Greg Caffas, in an effort to avoid court intervention by emails dated October 5 and 6, 2022. *See* Exhibit 1 (email chain).

matters has no bearing here and discovery into such collateral matters is not proportional to the needs of this case. Cox v. Dalton, Civil Action No. 1:21-CV-4, 2021 U.S. Dist. LEXIS 221185 (N.D.W. Va. Nov. 16, 2021); Pajack v. Under Armour, Inc., 339 F.R.D. 375 (N.D.W. Va. 2021); Kinsale Ins. Co. v. JDBC Holdings, Inc., CIVIL ACTION NO. 3:20-CV-8, 2021 U.S. Dist. LEXIS 75156 (N.D.W. Va. April 20, 2021).

Furthermore, the Matrix Defendants object to this request as duplicative and redundant because the Matrix Defendants previously provided responses to Plaintiff's First and Second Discovery Requests to the Matrix Defendants seeking information relating to collateral TCPA matters involving Dealer Renewal Services, the only other party-Defendant entity from whom Plaintiff purchased a Matrix-administered vehicle service contract. See, e.g., Matrix Responses to Plaintiff's First Discovery Requests at 6 (Response to Interrogatory 5); Matrix Responses to Plaintiff's Second Discovery Requests at 12-13 (Responses to Document Requests 10 and 11). Thus, the only conceivably relevant, responsive information has already been produced. The Matrix Defendants do not and have never made outbound telemarketing calls themselves, so vicarious-liability-related claims concerning non-parties have no rational bearing on Plaintiff's claims in this case.

Accordingly, the Matrix Defendants further object to this request as overly broad and unduly burdensome, and not proportional to the needs of the case, because it seeks in part information the Matrix Defendants have already provided, and this additional request for all pleadings, correspondence, and discovery from unrelated matters, including information equally available to Plaintiff in public filings, serves no purpose other than to harass and cause undue burden.

Exhibit 2.

## ARGUMENT

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Mey seeks information and documentation that is both relevant and, as Matrix seems to acknowledge, proportional to the needs of this case.

**First**, Mey's request seeks information and documentation that is relevant to her claims. In order to hold Matrix vicariously liable for its vendor's calls, Mey intends to prove a principal-agent relationship and ratification. *See In re Monitronics Int'l, Inc., Tel. Consumer Prot. Act Litig.*, No. 1:13-MD-2493, 2019 WL 7835630, at *4 (N.D. W. Va. Apr. 3, 2019) (providing that a defendant may be held vicariously liable for the violations of its third-party vendors under a broad range of agency principles, including actual and apparent authority and ratification). The vendor in question, National Auto Protection Corp. ("NAPC"), and its owner, Gustav Renny, have been the subject of continued TCPA litigation. Yet, Matrix continued to do business with them. Mey's request is therefore designed to unearth additional past and present relationships between Matrix, NAPC, and Renny—evidence indicative of both a principal-agent relationship and ratification. Mey's request is also designed to unearth notice Matrix had of NAPC and Renny's prior suspected TCPA violations—evidence indicative of ratification. *Id*. at *11-12 (providing that a company may be liable for its telemarketer's unlawful calls if it fails to terminate the telemarketer despite knowing of other TCPA violations). Evidence of both a principal-agent relationship and ratification would necessarily appear in prior discovery materials and—most notably—Matrix's past settlement agreements. If NAPC or Renny were party to an earlier TCPA-related settlement agreement with Matrix, and Matrix continued to outsource its telemarketing operations to NAPC and Renny, then that is classic evidence of ratification, which is one of several ways to establish vicarious

4

liability. As such, Mey's discovery request seeks information and documentation that is relevant to her claims.

**Second**, Matrix should agree with the relevance of Mey's request—after all, Matrix is currently trying to compel a response to an identical request for nearly identical reasons. In particular, Matrix moves to compel a response to the following request:

> 10. All pleadings, correspondence, discovery, settlement agreements, and other non-privileged documents **relating to** any demand, claim, allegation, litigation, administrative, or regulatory investigation or proceeding, other than this **Lawsuit**, to which **you** have ever been a party at any time in the past five years in which **you** have sought damages or any other form of relief under the **TCPA** or any state law **relating** to telemarketing.

ECF No. 113-5.

Compare the above request (Matrix's request to Mey) with the below request (Mey's request to Matrix):

> 1. All pleadings, correspondence, discovery, settlement agreements, and other nonprivileged documents relating to any demand, claim, allegation, litigation, administrative, or regulatory investigation or proceeding, other than this Lawsuit, to which Matrix Defendants have ever been a party at any time in the past five years in which someone else has sought damages or any other form of relief against them under the TCPA or any state law relating to telemarketing.

Exhibit 2.

The requests are identical, save name changes. While the requests are the same, they also serve the same purpose: to unearth past and present business relationships. In the case of Matrix, it seeks to unearth "established business

relationships," which can be used as a defense to certain of Mey's claims.[2] In the case of Mey, past and present business relationships can be used as evidence of a principal-agent relationship and ratification. For example, like Matrix, Mey requests settlement agreements involving allegations of illegal telemarketing. *See* Exhibit 2. Matrix's prior TCPA settlement agreements are relevant because there is a considerable likelihood that Matrix's established vendors, NAPC and Renny, were parties to those same agreements, which would suggest that Matrix had notice of their suspected illegal telemarketing—an element of ratification. At bottom, Matrix and Mey's requests serve identical purposes: unearth past and present business relationships. Mey will use these relationships to advance her claims, whereas Matrix will use these relationships to advance its defense. If the request is relevant as to Matrix, then it should be relevant as to Mey. Sauce for the goose.

**Third**, by implication, Matrix has conceded that Mey's request is appropriate in scope and proportionate to the needs of this case. When Matrix served its identical request on Mey, she objected because the request was unduly burdensome, overly broad, and not proportionate to the needs of this case.[3] However, by filing a motion to compel a response to identical discovery, Matrix finds itself arguing that such a request is appropriate in scope and proportionate to the needs of this case. *See* ECF

---

[2] As stated in Matrix's motion to compel, "information relating to any party involved with any previous formal or informal dispute Plaintiff has been involved with may be relevant to showing the existence of an established business relationship, that would negate any individual or class claims pursuant to the TCPA's Do-Not-Call provisions." ECF 113, at 11.

[3] Though Matrix now challenges the propriety of Mey's objections, they are the same objections Matrix relies on to refuse Mey's request. Matrix's position cannot be reconciled.

No. 113.  It is inconceivable how an identical request could be overly broad, unduly burdensome, and harassing when posed to Matrix, but not when posed to Mey. Matrix cannot have it both ways.  If Matrix's request is appropriate in scope, then so is Mey's request.  If Matrix's request is not unduly burdensome, then neither is Mey's request.  Either both parties must respond to the request, or neither party should have to respond to the request.

**Fourth**, attempting to distinguish the circumstances, Matrix suggests that the requested discovery poses different burdens because Mey has already been compelled to produce similar documents in *Mey v. All Access Telecom, Inc.*, No. 5:19CV237, 2022 WL 2177688, at *2 (N.D.W. Va. May 4, 2022).  However, because claims against certain defendants in *All Access* were resolved, Mey did not produce—much less, prepare—a similar production that can be shared with Matrix.  The burden to each party remains the same.

## CONCLUSION

For the foregoing reasons, Mey moves for an order (i) compelling Matrix to respond to the above-referenced discovery request and (ii) awarding her related fees and expenses.

**DIANA MEY**

By Counsel:

/s/ *Andrew C. Robey*
Ryan M. Donovan (WVSB #11660)
Andrew C. Robey (WVSB #12806)
Hissam Forman Donovan Ritchie PLLC
P.O. Box 3983
Charleston, WV 25339
t: 681-265-3802
f: 304-982-8056
rdonovan@hfdrlaw.com
arobey@hfdrlaw.com

## CERTIFICATE OF SERVICE

    The undersigned counsel does hereby certify that on October 6, 2022, a true copy of the foregoing document was served upon all parties of record via ECF notification.

                          /s/ *Andrew C. Robey*
                          Andrew C. Robey (WVSB #12806)