| | |
|---|---|
| **Subject:** | Re: Mey/Matrix |
| **Date:** | Thursday, October 6, 2022 at 9:04:31 AM Eastern Daylight Time |
| **From:** | Andrew Robey |
| **To:** | Joe Bowser, Greg Caffas |
| **CC:** | Ryan Donovan, Gordon Copland |
| **Attachments:** | image001.png |

Joe,

In order to hold Matrix vicariously liable for NAPC's calls, Plaintiff intends to prove a principal-agent relationship and ratification.  NAPC and its owner, Gustav Renny, have been the subject of continued TCPA litigation.  Yet, Matrix continued to do business with them.  As you suggest, Matrix's request is designed to unearth evidence of an EBR.  Like Matrix, Plaintiff's request is designed to explore a business relationship.  In particular, Plaintiff's request explores Matrix's past and present relationship with NAPC and Renny, as well as any notice Matrix may have had regarding their prior suspected TCPA violations.  Evidence of both a relationship and notice would necessarily appear in discovery materials and—most notably—Matrix's past settlement agreements.  At bottom, Matrix and Plaintiff's requests serve almost identical purposes and are relevant in nearly the same ways.

As for scope, you note Plaintiff's supposed "lack of willingness to narrow the discussion concerning materials sought."  Matrix hasn't limited its request, so why would Plaintiff limit hers?  You state that Plaintiff's request has no limiting principles—but neither does Matrix's request.  And that's unsurprising, given that Plaintiff simply refashioned Matrix's request.  If Matrix's request is appropriate in scope, then so is Plaintiff's request.  If Matrix's request is not unduly burdensome, then neither is Plaintiff's request.

I'm not sure what the timing of our request has to do with anything.  But if Matrix is going to disregard scope and burden in search of an EBR, then Plaintiff should likewise be afforded the same latitude to explore Matrix's dealings with NAPC and Renny.

At the end of the day, I don't think the Court is going to let you have it both ways.  If Plaintiff is going to have to respond to Matrix's limitless request, then Matrix will have to respond to the same request.  I doubt Matrix is eager to embark on this discovery, nor do I think it will be keen to produce all their settlement agreements for the past few years.

Like you, I would prefer to resolve this dispute without court intervention.  But if you're going to prosecute your motion to compel, then I must too.  If you agree to withdraw your motion without prejudice and right to refile, then we can discuss this further.  Otherwise, I need to push ahead on a similar timeline.

_____

Andrew C. Robey
*Lawyer*

HISSAM FORMAN DONOVAN RITCHIE PLLC
www.hfdrlaw.com
707 Virginia Street East, Suite 260
Charleston, WV 25301
c: 304-545-7816
t: 304-881-0086

**From:** Joe Bowser <jbowser@rothjackson.com>
**Date:** Wednesday, October 5, 2022 at 12:53 PM
**To:** Andrew Robey <arobey@hfdrlaw.com>, Greg Caffas <gcaffas@rothjackson.com>
**Cc:** Ryan Donovan <rdonovan@hfdrlaw.com>, Gordon Copland <Gordon.Copland@Steptoe-Johnson.com>
**Subject:** RE: Mey/Matrix

Andrew,

As discussed at length in our motion to compel, the information sought is relevant to potential affirmative defenses, including the potential existence of an established business relationship between Ms. Mey and parties associated with the calls at issue as well as any potentially relevant settlement releases.  Additionally, the information sought is certainly probative of Ms. Mey's potential fitness as a class representative.  The Matrix Defendants are neither a plaintiff nor a potential class representative, which readily explains the difference here.

You note, correctly, that relevance may vary between parties, but then simply walk right past that salient admission.  The applicable standard is whether a request seeks information that is relevant to the claims and defenses at issue and proportional to the needs of the case, not whether the opposing party has made a similar discovery request.  For example, if a plaintiff alleges in a medical malpractice case that a doctor committed malpractice and injured her shoulder in a surgery, it would be patently relevant for the doctor to ask her in discovery for evidence about her prior shoulder injuries, but the opposite would obviously not be true – the doctor's shoulder health is obviously irrelevant.  So too here.

The timing of Plaintiff's Sixth set of Discovery Requests (issued within a week of our call to meet and confer regarding the similar discovery request to Plaintiff), combined with your lack of willingness to narrow the discussion concerning materials sought, raises serious questions about why this request was propounded.  As we noted in the objection to RFP 1 of Plaintiff's Sixth set of Discovery Requests, Matrix already responded to Plaintiff's discovery requests seeking this very type of information relating to matters involving Dealer Renewal Services, the only party-Defendant entity from whom Plaintiff purchased a Matrix-administered vehicle service contract.  Plaintiff chose to abandon her claims regarding that party-defendant, and her updated theory of liability now centers on National Auto Protection Corp, a non-party, but rather than propounding more narrowly tailored discovery regarding that non-party seller, Plaintiff's request in her 6th Set has no limiting principles whatsoever.

Finally, unlike Ms. Mey, who has already been compelled to respond to a similar discovery request, Matrix does not have all documents responsive to the incredibly broad discovery request readily available and accessible.  The request as drafted would be extremely burdensome to respond to, not to mention difficult to ensure a complete response, particularly at this late stage of discovery.  Accordingly, I would encourage you to reconsider filing a motion to compel at this time, and reiterate that we are more than willing to engage in further discussions to attempt to resolve this dispute without a formal motion.

Thanks,
Joe

Joseph Bowser | Member | (804) 441-8701 and (703) 485-3528 (direct) | jbowser@rothjackson.com
Richmond: 1519 Summit Ave., Suite 102, Richmond VA 23230 | Tysons: 8200 Greensboro Dr., Suite 820, McLean VA 22102



**From:** Andrew Robey <arobey@hfdrlaw.com>
**Sent:** Wednesday, October 5, 2022 10:02 AM
**To:** Joe Bowser <jbowser@rothjackson.com>; Greg Caffas <gcaffas@rothjackson.com>
**Cc:** Ryan Donovan <rdonovan@hfdrlaw.com>
**Subject:** Re: Mey/Matrix

On a separate note:

Given that Matrix insists on compelling responses to Interrog. 12 and RFP 10, I will be moving to compel a response to RFP 1 in Plaintiff's Sixth Set of Discovery to Matrix.  The request is nearly identical to Matrix's RFP 10, yet Matrix has refused a response for the same reasons offered by Plaintiff.  Though relevance may vary between parties, it is inconceivable how a nearly identical request could be overly broad, unduly burdensome, and harassing when posed to Matrix, but not when posed to Plaintiff.

I would propose that Matrix withdraw its motion to compel.  In turn, Plaintiff would agree not to compel a response to her nearly identical request.  If that is not acceptable, we will file our motion tomorrow.

Consider this my attempt to confer on the issue.

Thanks,

_____
Andrew C. Robey
*Lawyer*

Hissam Forman Donovan Ritchie PLLC
www.hfdrlaw.com
707 Virginia Street East, Suite 260
Charleston, WV 25301
c: 304-545-7816
t: 304-881-0086

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.