IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**DIANA MEY**, on behalf of herself and a
class of others similarly situated,

                Plaintiff,

        v.                                           **Civil Action No. 5:21-CV-62**
                                                   Judge Bailey

**MATRIX WARRANTY SOLUTIONS, INC.,**
**MATRIX FINANCIAL SERVICES, LLC,**
and **SING FOR SERVICE, LLC,**

                Defendants.

## ORDER MODIFYING ORDER ON MOTIONS TO COMPEL

Pending before this Court is plaintiff's Objection to the Magistrate's Order Granting Defendant's Motion to Compel and Denying Plaintiff's Motion to Compel [Doc. 129]. For the reasons hereinafter stated, the Court will modify the Order [Doc. 126].

By investigating illegal telemarketers and prosecuting claims under the Telephone Consumer Protection Act, plaintiff Diana Mey is "doing exactly what Congress intended—enforcing the law." **Mey v. Venture Data, LLC**, 245 F.Supp.3d 771, 784 (N.D. W.Va. 2017) (Bailey, J.). For that reason, this Court has consistently turned back telemarketers' efforts to harass Mey and use her track record as a consumer advocate as a defense for their unlawful acts.

"Only if a magistrate judge's decision is 'clearly erroneous or contrary to law' may a district court judge modify or set aside any portion of the decision." **Paulino v. Dollar Gen. Corp.**, 2013 WL 1773892, at *3 (N.D. W.Va. Apr. 25, 2013) (Groh, J.)(citing Fed. R.

Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)). "A court's 'finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Id*. (quoting ***United States v. United States Gypsum Co.***, 333 U.S. 364, 395 (1948)). "In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused." *Id*. (quoting ***Shoop v. Hott***, 2010 WL 5067567, at *2 (N.D. W.Va. Dec. 6, 2010) (Stamp, J.)). Additionally, merely "reiterating arguments already presented" to the Magistrate Judge is insufficient under Rule 72 and has "the same effect as a failure to object" to a Magistrate Judge's Order. ***Tenney v. Saul***, 2021 WL 5868138, at *2 (N.D. W. Va. Dec. 10, 2021) (Bailey, J) (internal citations omitted).

In granting the defendants' motion to compel, this Court has the firm conviction that a mistake has been committed. It is obvious that the defendants have embarked on a fishing expedition looking for a nugget that would exculpate them from liability, while at the same time imposing a tremendous and disproportionate burden on the plaintiff. For that reason, this Court will limit plaintiff's responsibility in responding to the defendant's requests to settlements with marketers, sellers, and administrators of motor vehicle service contracts.

At the same time that the Magistrate Judge granted excessive discovery to the defendants, he denied the discovery propounded by the defendants. As noted by plaintiff, in order to hold Matrix vicariously liable for its vendor's calls, Mey intends to prove ratification. *See **In re Monitronics Int'l, Inc., Tel. Consumer Prot. Act Litig.***, 2019 WL

2

7835630, at *4 (N.D. W.Va. Apr. 3, 2019) (Bailey, J.) (providing that a defendant may be held vicariously liable for the violations of its third-party vendors under a broad range of agency principles, including ratification). As this Court has recognized, all that is required to prove ratification is that the principal was aware of the unlawful acts of its vendor but nonetheless accepted the benefits. *Id.* at *12. Ratification can likewise be established where a principal refuses to investigate suspected TCPA violations. *Id.* (finding ratification because principal chose not to terminate vendor, despite reason to suspect it was placing illegal calls).

The vendor in question here, National Auto Protection Corp. ("NAPC"), and its owner, Gustav Renny, have been the subject of sustained TCPA litigation. Yet, Matrix continued to do business with them. By requesting information pertaining to Matrix's past TCPA claims, Mey seeks to unearth notice of Renny and NAPC's illegal telemarketing. For example, if Matrix previously settled claims stemming from NAPC's illegal telemarketing, that fact would establish notice of a vendor's illegal telemarketing which, in turn, can be used to prove ratification. Evidence of such notice would necessarily appear in the discovery materials of past TCPA cases and—most obviously—in the settlement agreements.

Accordingly, the Matrix defendants shall fully provide the information requested in Request for Production Number 1 of Plaintiff's Sixth Set of Discovery Requests to Matrix Defendants. This interrogatory is limited to matters involving marketers, sellers, and administrators of motor vehicle service contracts. In addition, plaintiff's Motion for Hearing **[Doc. 130]** is **DENIED AS MOOT**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record.

**DATED**: December 6, 2022.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT COURT