IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling Division

DIANA MEY, on behalf of herself
and a class of others similarly situated,

    Plaintiff,

v.

                                    Civil Action No. 5:21-cv-00062

MATRIX WARRANTY SOLUTIONS,
INC., et al.

    Defendants.

## PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER IN LIGHT OF CLASS CERTIFICATION ORDER

Now that a class has been certified, the Court must direct notice to class members. *See* Fed. R. Civ. P. 23(c)(2). As a result, a new scheduling order will be necessary. Class Counsel therefore requests that this Court (i) vacate all remaining deadlines and continue the trial date, (ii) afford Class Counsel 30 days to file a class notice plan for this Court's review and approval, (iii) enter a new scheduling order upon approval of the class notice plan, and (iv) allow Class Counsel to conduct limited financial discovery in the interim.

### Notice Plan

This Court recently certified Plaintiff's proposed class. ECF No. 189. This Court must now "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2).

Plaintiff expects that it will take no more than 30 days to consult with class administration professionals and prepare a notice plan for this Court's review and approval, another 30 days to actually provide class notice, and another 30-60 days for class members to take any action in response. Given this timeline, however, notice cannot possibly be administered by the current May 16, 2023 trial date. *See* ECF No. 125.

## Financial Discovery

Class counsel suggests that the time spent providing class notice be put to efficient use by allowing Class Counsel to conduct narrowly limited financial discovery of the Matrix Defendants. Such discovery is appropriate at this stage for several reasons.

**First**, it is well-established that discovery concerning a defendant's financial position is relevant and appropriate when punitive damages are on the table. *See Stamathis v. Flying J, Inc.,* 389 F.3d 429, 442 (4th Cir. 2004) (citing *Pacific Mut. Life Ins. Co. v. Haslip,* 499 U.S. 1, 22, (1991)). An award of treble damages under the TCPA is a form of "statutory punitive damages," and in this context, courts have looked to a defendant's finances when considering the deterrent effect of an award of treble damages. *Krakauer v. Dish Network, LLC,* 2017 WL 4417957, at *10 (M.D.N.C. Oct. 3, 2017) (finding the evidence of defendant's net profits was relevant to determining whether treble damages were appropriate). Plaintiff did not request financial discovery earlier in the case because such discovery would have likely been

premature.[1] But, now that a class has been certified, Plaintiffs claims for trebled damage have been shown to be sufficiently viable to warrant financial discovery against Matrix.

**Second**, now that a class has been certified, limited financial discovery is necessary to allow Class Counsel to perform its duties to the class. For example, if the defendant proposes a class settlement Class Counsel will be required to advise the Court whether the settlement is "fair, reasonable, and adequate" in light of, among other things, the risks of continued litigation. Fed. R. Civ. P. 23(e)(2). Given that statutory damages for the class could exceed $13 million, it is likely that a fair and adequate settlement will have as much to do with the Defendants' ability to satisfy a judgment as with the prospect of prevailing at trial. In addition, Class Counsel has an obligation to protect the class by taking all possible steps to ensure that any assets available to satisfy a judgment to the class are not improperly diverted. Given that the Matrix Defendants are closely held by individuals with interests in many related entities, that is a very real risk. Indeed, the Matrix Defendants have long threatened that they could sidestep their exposure in this case by shifting their operations (and presumably their assets) to another entity.

---

[1] *See Tiller v. Hobart Corp.*, 58 F. Supp. 2d 688, 691 (W.D. Va. 1999) (noting that "it might be appropriate to prohibit discovery as to the defendant's net worth until a decision has been rendered on a motion for summary judgment as to whether the punitive damage issue will go to trial"); *Moore v. DAN Holdings, Inc.*, 2013 WL 1833557, at *14 (M.D.N.C. Apr. 30, 2013) (postponing net worth discovery until plaintiff sufficiently demonstrates a viable claim for punitive damages).

The discovery Class Counsel proposes is truly limited and will not disrupt the overall advancement of the case toward trial. This discovery can occur entirely within the timeframe necessary to provide notice to the class. It would be limited in scope to that which is necessary to discover the Defendants' financial structure, net worth, cash flow, liquidity, and whether there are any circumstances that would, under applicable law, subject any of the Defendants' principles to individual liability for the company's debts. It should not require more than a single set of written discovery requests and a limited re-opening of the 30(b)(6) deposition. And all concerns about the Defendants' privacy are already covered by the protective order that has been in place.

## CONCLUSION

For the foregoing reasons, this Court should (i) vacate all remaining deadlines and continue the trial date, (ii) allow Class Counsel 30 days to file a class notice plan for this Court's review and approval, (iii) enter a new scheduling order upon approval of the class notice plan, and (iv) permit the class to conduct limited financial discovery as described above.

5

**CLASS REPRESENTATIVE DIANA MEY**

By Class Counsel:

/s/ *Andrew C. Robey*
Ryan M. Donovan (WVSB #11660)
Andrew C. Robey (WVSB #12806)
HISSAM FORMAN DONOVAN RITCHIE PLLC
P.O. Box 3983
Charleston, WV 25339
t: 681-265-3802
f: 304-982-8056
rdonovan@hfdrlaw.com
arobey@hfdrlaw.com

**CERTIFICATE OF SERVICE**

The undersigned counsel does hereby certify that on March 31, 2023, a true copy of the foregoing document was served upon all parties of record electronically via ECF notice.

/s/ Andrew C. Robey