IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**DIANA MEY,** on behalf of
herself and a class of others
similarly situated**,**

        Plaintiff,

    v.                                    CIVIL ACTION NO. 5:21-CV-62
                                                  Judge Bailey

**MATRIX WARRANTY SOLUTIONS,
INC., et al.,**

        Defendants.

## ORDER DENYING MOTION TO STRIKE AND *DAUBERT* MOTION TO EXCLUDE PLAINTIFF'S CLASS EXPERT AND DENYING MOTION FOR SUMMARY JUDGMENT

        Pending before this Court are two Motions, which this Court will address herein and in turn. First, defendants filed a Motion to Strike and ***Daubert*** Motion to Exclude Plaintiff's Class Expert [Doc. 176] and accompanying Memorandum in Support [Doc. 176-1] on March 14, 2023. Plaintiff filed a Response in Opposition [Doc. 199] on March 28, 2023. Defendants filed a Reply in Support [Doc. 208] on April 4, 2023.

        Second, defendants filed a Motion for Summary Judgment [Doc. 158] and accompanying Memorandum in Support [Doc. 158-1] on February 24, 2023. Plaintiff filed a Response in Opposition [Doc. 172] on March 10, 2023. Defendants filed a Reply in Support [Doc. 185] on March 17, 2023. Accordingly, both Motions are ripe for adjudication. For the reasons that follow, this Court will deny each Motion.

**BACKGROUND**

This Court recited this case's factual background and underlying allegations at length in its March 23, 2023, Order Granting Motion to Certify Class.  See [Doc. 189].  In an effort to maintain brevity, this Court incorporates those background recitations fully herein.

**LEGAL STANDARDS**

**I.      Expert Testimony**

Under ***Daubert v. Merrell Down Pharmaceuticals, Inc.***, 509 U.S. 579 (1993), "the governing standard for evaluating proposed expert testimony was set forth in [Federal Rule of Evidence] 702[.]" ***Nease v. Ford Motor Co.***, 848 F.3d 219, 228 (4th Cir. 2017).  Under Rule 702, expert testimony is permitted if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principals and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case."  Fed. R. Evid. 702.

It is the "district court's gatekeeping responsibility to 'ensure that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" ***Nease***, 848 F.3d at 229 (quoting ***Daubert***, 509 U.S. at 597).  Regarding reliability, "the district court must ensure that the proffered expert opinion is 'based on scientific, technical, or other specialized knowledge and not on belief or speculation, and inferences must be derived using scientific or other valid methods.'" ***Id***. (quoting ***Oglesby v. Gen. Motors Corp.***, 190 F.3d 224, 250 (4th Cir. 1999)).

In assessing reliability, **Daubert** provides four guideposts. In determining whether the theory or technique is "scientific knowledge that will assist the trier of fact[,]" the Court considers: (1) whether it can be (and has been) tested; (2) has "the theory or technique been subjected to peer review and publication; (3) whether the "particular scientific technique" has a known or potential rate of error; and (4) general acceptance of the theory or technique within the scientific community. *Id*. (citing **Daubert**, 509 U.S. at 594).

The Court "must determine whether the evidence is genuinely scientific, as distinct from being unscientific speculation offered by a genuine scientist." **Moore v. Ashland Chem., Inc.**, 151 F.3d 269, 278 (5th Cir. 1998) (citation omitted); **Kumho Tire Co. v. Carmichael**, 526 U.S. 137, 152 (1999). "A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." **Gen. Elec. Co. v. Joiner**, 522 U.S. 136, 146 (1997). It is inappropriate to admit an expert's opinions that are "connected to existing data only by the *ipse dixit* of the expert." *Id*.

**II.   Summary Judgment**

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See **Celotex Corp. v. Catrett**, 477 U.S. 317, 322–23 (1986). If the moving party meets this burden, the nonmoving party "may not rest upon the mere allegations or denials of its pleading, but must set forth specific facts showing there is a

genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. *See* *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 323–25; *Anderson*, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted). Although all justifiable inferences are to be drawn in favor of the non-movant, the non-moving party "cannot create a genuine issue of material fact through mere speculation of the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Further, "the plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that

party's case, and on which that party will bear the burden of proof at trial." **Celotex Corp.**, 477 U.S. at 322.

## DISCUSSION

I.  **Plaintiff's Expert, Anya Verkhovskaya, and Her Amended Expert Report Will Not Be Excluded as Her Opinions and Methodology are Adequate to Satisfy the Requisite Standards for Admission.**

Defendants assert several arguments in support of their contention that Ms. Verkhovskaya and her amended expert report should be stricken. First, defendants argue that the amended expert report was untimely. *See* [Doc. 176-1 at 5]. Next, defendants contend that Ms. Verkhovskaya should be excluded because she performed no expert analysis. [Id. at 7]. Third, defendants aver that Ms. Verkhovskaya's methodology fails to meet the ***Daubert*** standard. [Id. at 9–10].

This Court remains unpersuaded by defendants' arguments concerning Ms. Verkhovskaya. This is so, first, because the amended expert report is a timely supplementation contemplated by Federal Rule of Civil Procedure 26. *See* Fed. R. Civ. P. 26(e)(2) (providing that supplementations to expert reports "must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due"). Here, plaintiff produced the expert report of Ms. Verkhovskaya by the January 14, 2022, disclosure deadline. That report detailed the process Ms. Verkhovskaya would use to identify absent class members based on standard call records. Then, based on a purported lack of call records, Ms. Verkhovskaya amended her report to detail the process she would use to identify absent class members without call records. The original and amended report appear to have been offered for the same reasons–to identify an administratively feasible method for identifying

5

class members. Accordingly, this Court is inclined to treat the amended report as a supplementation.

Moreover, even if the amended report was not a supplementation, such amendment, in this Court's view, was substantially justified and non-prejudicial, defendants' arguments to the contrary notwithstanding. In determining whether to strike the amended report, this Court must apply five factors: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclosure the evidence." *Shulin v. Werner Enterprises, Inc.*, 2017 WL 2233621, at *2 (N.D. W. Va. Jan. 18, 2017) (Aloi, M.J.) (quoting *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003)).

Here, the amended report was served well before the February 2, 2023, discovery deadline, meaning defendants had the opportunity to conduct any follow up discovery that may have been necessitated by the amended report. For example, defendants' expert, Jan Kostyun, prepared and served an updated rebuttal report. Defendants also deposed Ms. Verkhovskaya on the amended report prior to briefing class certification and dispositive motions.

Next, Ms. Verhovskaya's amended report appears to be justified based on her purported need to identify class members through alternative means. Third, striking Ms. Verkhovskaya's amended report will only burden class administration as it would leave the parties to speculate the identity of which exact customers qualify for class membership.

This Court is similarly unpersuaded by defendants' contention that Ms. Verkhovskaya's analysis requires no expertise. To the contrary, Ms. Verkhovskaya has provided a method for programmatically identifying each individual with a "per phone" notation in their payment plan agreement, while filtering out customers based on inoperable phone numbers, duplicate entries, and other disqualifying attributes. Ms. Verkhovskaya utilized this framework by conducting data mapping, SQL staging tables, optical character recognition, and a series of commands and queries. Based on this methodology, Ms. Verkhovskaya clearly brings her technical expertise to bear in providing this Court with an administratively feasible method for identifying absent class members.[1] Moreover, Ms. Verkhovskaya also served as an expert in the United States District Court for the Middle District of North Carolina. *See e.g.*, **Krakauer v. Dish Network, LLC**, 2018 WL 11429948 (M.D. N.C. Jan. 25, 2018) (Eagles, J.) (affirmed in **Krakauer v. Dish Network, LLC**, 625 F.3d 643 (4th Cir. 2019)). For these reasons, as well as the reasons articulated in this Court's prior Order Granting Motion to Certify Class, the Motion to Strike and **Daubert** Motion to Exclude Plaintiff's Class Expert will be denied.

II.     **Defendants' Motion for Summary Judgment Must Be Denied at this Stage, as the Pleadings Before this Court Clearly Demonstrate Numerous, Genuine Issues of Material Fact.**

A review of the pleadings before this Court leads it to conclude that summary judgment is not presently warranted due to the abundance of factual disputes and outstanding factual inquiries in the record. Do the underlying factual backgrounds behind

---

[1] To be sure, it was this same methodology that this Court based much of its analysis upon when it certified plaintiff's proposed class. Similarly, this Court rejects defendants' assertions that Ms. Verkhovskaya and her amended report fail to satisfy **Daubert** based on this Court's analysis of the same in this Court's Order Granting Motion to Certify Class.

Calls 1 and 2 give rise to TCPA violations? Are the Matrix defendants vicariously liable for the alleged illegal calls to plaintiff? Did defendants ratify the actions of its vendors based on the disputed factual backdrop before this Court? Did defendants' vendors act with actual authority? Did NAPC actually initiate Calls 1 and 2? Did NAPC act as an agent of defendants? These inquiries presently require consideration of a jury as each is rife with disputed factual questions this Court cannot decide under the applicable standard of review. Accordingly, the Motion for Summary Judgment will be denied.

## CONCLUSION

For the reasons contained herein, the Motion to Strike and *Daubert* Motion to Exclude Plaintiff's Class Expert [**Doc. 176**] is **DENIED**, and the Motion for Summary Judgment [**Doc. 158**] is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** April 13, 2023.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE