IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**DIANA MEY**, on behalf of herself
and a class of others similarly situated,

    Plaintiff,

v.

**MATRIX WARRANTY SOLUTIONS,
INC., et al.,**

    Defendants.

Civil Action No. 5:21-cv-00062
Judge Bailey

## TEMPORARY RESTRAINING ORDER

On July 20, 2023, Plaintiff Diana Mey, acting on behalf of the certified class, filed a motion requesting a temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b). Based on recently discovered evidence, Ms. Mey contends that the Matrix Defendants have been engaged in a pattern of dissipating the company's assets through unusual transfers to insiders and related entities, in an effort to fraudulently deplete the companies' assets in advance of a judgment. Accordingly, Ms. Mey and the Class seek an order prohibiting the Matrix Defendants from transferring any assets to insiders or related entities without first obtaining Court approval. For the reasons explained below, Ms. Mey's motion is **GRANTED**.

The restraining order requested is similar to the injunction that was upheld by the Fourth Circuit in ***U.S. ex rel. Taxpayers Against Fraud v. Singer***, 889 F.2d 1327 (4th Cir. 1989). In that case, the appellate court concluded that a preliminary injunction requiring court approval of a defendant's asset transfers was appropriate where the

1

defendant is at risk of insolvency, threatened with substantial legal liability, and "its assets [are] in danger of dissipation and depletion" through preferential transfers. *Id.* Other district courts within this Circuit have recently acknowledged the holding of *Singer* and issued similar injunctions. *See, e.g.,* **Viper Publishing, LLC v. Bailey**, 2021 WL 956231 (W.D.N.C. Jan. 12, 2021) (Mullen, J.) (issuing injunction requiring court approval of transfers "to prevent depletion of the award to which [plaintiff] may be entitled at judgment").

Before issuing a temporary restraining order, this Court must consider (1) the movant's likelihood of success on the merits, (2) the likelihood of irreparable harm absent injunctive relief, (3) the balance of hardships, and (4) the public interest. **Winter v. Nat. Res. Def. Council, Inc.**, 555 U.S. 7, 20 (2008). Here, the Court concludes that these factors weigh in favor of Ms. Mey and the Class.

First, the Court concludes that Ms. Mey and the Class have established a likelihood of success on the merits. Ms. Mey has defeated multiple motions to dismiss, obtained critical discovery from third parties, won class certification, defended class certification at the Fourth Circuit, and recently prevailed on summary judgment. In her motion for class certification and response in opposition to summary judgment, Mey outlined substantial evidence that (1) Mey and similarly-situated class members received illegal prerecorded messages and (2) Matrix ratified the actions of the authorized dealer responsible for placing the offending calls. That evidence and the strength of the same are more-fully discussed in the Court's prior class certification and summary judgment orders, which are incorporated herein. [Docs. 189, 214]. The requirement that Ms. Mey show likelihood of success on the merits does not mean that she must "show a certainty of success."

2

*Pashby v. Delia*, 709 F.3d 307, 321 (4th Cir. 2013). Ms. Mey and the Class have met their burden.

Second, the Court concludes that Ms. Mey and the Class are likely to suffer irreparable harm if no order is entered. Where sufficient doubt is raised regarding a defendant's ability to satisfy a judgment and such inability to collect a judgment would destroy the plaintiff's right to enforce substantive rights, then there is a likelihood of irreparable harm absent preliminary relief. See *Singer Co.*, 889 F.2d at 1331 (finding it was not unreasonable to grant an injunction where, in the absence of such, the defendant "would have no assets left to satisfy a judgment"); *Viper*, 2021 WL 956231, at *3 ("If Plaintiff is successful in its breach of contract claims and Defendant truly has no other source of income, then Defendant will be unable to fulfill the monetary damages award at the time of judgment. Thus, Plaintiff has clearly demonstrated the likelihood of irreparable harm.").

Ms. Mey and the Class have presented compelling evidence that Matrix is actively draining company accounts and transferring valuable assets to insiders and affiliated entities. For example, it appears Matrix Defendants surreptitiously transferred valuable intellectual property rights to an affiliated entity on the same day Ms. Mey suggested that she could use such property to satisfy a judgment. The timing of this transfer hardly seems coincidental. Moreover, in the period January 1 to March 31, 2023, Matrix Defendants appear to have drawn down company bank accounts at an alarming rate, all while paying extraordinary salaries to their three officers. At this rate, and absent interim relief, there would likely be nothing left from which Ms. Mey and the Class can satisfy a future judgment.

3

Third, the Court concludes that the balance of hardships favors the movants. If the Matrix Defendants' assets are improperly depleted, then more than 8,000 class members may be left unable to collect a judgment based on meritorious claims. On the other hand, the requested injunction will have a limited impact on the Matrix Defendants, who may continue to engage in legitimate business, with only the relatively minor inconvenience of seeking prior court approval for a certain category of transfers.

Fourth, the Court concludes that the requested temporary restraining order serves the public interest. The important remedial and deterrent purposes of the Telephone Consumer Protection Act would be entirely frustrated if a defendant could avoid liability by simply transferring its assets to insiders and continuing operations under a new entity once a class has been certified.

Further, the Court finds, pursuant to Rule 65(b)(1), that it is appropriate and necessary to enter this order without notice to the adverse party and before the adverse party can be heard in opposition. On multiple occasions, the Matrix Defendants have responded to developments in this case by rapidly transferring substantial assets to insiders and related companies. More concerning, the Matrix Defendants appear to have taken steps—including defying this Court's recent discovery order—to conceal this activity. As a result, the Court finds that if notice were given and the Matrix Defendants afforded an opportunity to respond to the motion, it is likely that additional assets would be improperly depleted before an order could issue.

Finally, the Court recognizes that it "may issue . . . a temporary restraining order only if the movant gives security in an amount the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or

restrained." Fed. R. Civ. P. 65(c). Given that the requested temporary restraining order does not actually prohibit any legitimate transfers, but merely requires the Matrix Defendants to obtain Court approval so that any potentially nefarious transfers can be identified, there is little to any cost or damage imposed on the defendant by the order. Accordingly, the Court will **REQUIRE** Ms. Mey and the Class to post a bond in the nominal amount of **$100**.

Consistent with the foregoing, it is hereby **ORDERED** that the Matrix Defendants, including but not limited to their officers, agents, representatives, employees, subsidiaries, affiliates, successors, and all persons or entities acting in concert or participation with them, shall be temporarily restrained from:

- assigning, transferring, or disposing of any assets or properties, whether real, personal, tangible, or intangible of the Matrix Defendants

- by any means whatsoever, including but not limited to by way of any officer salary, distributions, dispositions, dividends, loans, credit arrangements, advances, or any other form of assignment, transfer, or disposition

- to any owner; insider; entity owned, operated, or controlled, in whole or in part, directly or indirectly, by any owner of interests in the Matrix Defendants; any related or affiliated entity or individual; or to any other person, entity, or body corporate that is closely related to, affiliated with, or under the control of any owners of interests in the Matrix Defendants

without first obtaining express approval from this Court.

Plaintiff's Motion for Temporary Restraining Order [**Doc. 245**] is **GRANTED**. This temporary restraining order, **ENTERED** at 12:07 p.m. on July 20, 2023, shall **expire 14 days after entry, unless sooner dissolved or extended for good cause**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** July 20, 2023.

*/s/ John Preston Bailey*
**John Preston Bailey**
**United States District Judge**